IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOYD CARNES, ) | |
| KEITH JEFFERSON, ) | |
| JESSE MCDONALD and ) | |
| BRETT SMITH, ) | |
| Individually and on behalf of others ) | |
| similarly situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. _____ |
| MARIETTA DRAPERY & WINDOW ) | |
| COVERINGS CO., INC., ) | |
| DOUGLAS C. BENTLEY and ) | |
| FREDERICK A. BENTLEY ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs Loyd Carnes, Keith Jefferson, Jesse McDonald, and Brett Smith who file this lawsuit against Defendants Marietta Drapery & Window Coverings Co., Inc., Douglas C. Bentley and Frederick A. Bentley (hereinafter collectively "Defendants"), and show the following:

**Nature of Complaint**

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

### **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Marietta Drapery & Window Coverings Co., Inc. is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiffs' work location: 22 Trammell St Marietta, Georgia 30064. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

### *Plaintiffs*

6.

Plaintiffs have been employed as installers at Marietta Drapery during the three years prior to the filing of this lawsuit.

7.

Plaintiffs have consented in writing to be parties to the FLSA claims in this action pursuant to 29 U.S.C. §216(b). Plaintiffs' signed consent forms are filed with this Court contemporaneously with this Complaint. Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

8.

"Plaintiffs and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked as "installers" at Marietta Drapery within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

### *Defendants*

9.

Defendant Marietta Drapery & Window Coverings Co., Inc. (hereinafter

"Marietta Drapery") may be served with process by delivering a copy of the summons and complaint to its registered agent, Frederick A. Bentley at 22 Trammell St Marietta, Georgia 30064.

10.

Defendant Douglas C. Bentley may be served with process by delivering a copy of the summons and complaint to his work address at 22 Trammell St Marietta, Georgia 30064.

11.

Defendant Frederick A. Bentley may be served with process by delivering a copy of the summons and complaint to his work address at 22 Trammell St Marietta, Georgia 30064.

## Factual Allegations

12.

Marietta Drapery is a window and bed coverings supplier located at 22 Trammell St Marietta, Georgia 30064.

13.

At all times material hereto, Marietta Drapery has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

14.

At all times material hereto, Marietta Drapery had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

At all times material hereto, Marietta Drapery had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Marietta Drapery had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

The "goods" referenced in the previous paragraph include, but are not limited to blinds, draperies, bed coverings, shades, credit card terminals, telephones, Internet, and facsimile.

18.

In all relevant years, Marietta Drapery had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. §

203(s)(1)(A).

19.

At all times for three years prior to the filing of the instant complaint, Defendants have employed installers at Marietta Drapery.

20.

At all times for the three years prior to the filing of the instant complaint, Defendants have misclassified all installers working at Marietta Drapery as "exempt" under the FLSA.

21.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required installers to have any specialized training or equipment. Installers were required merely to measure the window opening and install drapes or window coverings using standard tools.

22.

Plaintiffs worked over forty hours in some weeks they worked for Defendants.

23.

Defendants paid Plaintiffs a weekly salary ranging from $750-$1014 per week.

24.

Plaintiff Loyd Carnes started working as an installer at Marietta Drapery in January 2012. He earned $800 per week until February 2013, at which point he received a raise to $875 per week, which he earned until his resignation in January 2014.

25.

Plaintiff Carnes estimates that he worked an average of 55 hours per week during his employment at Marietta Drapery.

26.

Plaintiff Keith Jefferson started working as an installer at Marietta Drapery in June 2012. He earned $750 per week until December 2012 when he received a raise to $775 per week, which he earned until June 2013. At that point he received a raise to $800 per week, which he earned until he was terminated in July 2014.

27.

Plaintiff Jefferson estimates that he worked an average of 50 hours per week during his employment at Marietta Drapery.

28.

Plaintiff Jesse McDonald started working as an installer at Marietta Drapery in 2010. He earned $750 per week until he left the company in June 2012.

29.

Plaintiff McDonald estimates that he worked an average of 60 hours per week during his employment at Marietta Drapery.

30.

Plaintiff Brett Smith started working as an installer at Marietta Drapery in approximately 1994. During the relevant time period, he earned $1,014 per week. He was terminated in April 2014.

31.

Plaintiff Smith estimates that he worked an average of 55 hours per week during his employment at Marietta Drapery.

32.

Because Defendants misclassified Plaintiffs, Defendants did not pay Plaintiffs one-and-a-half times their regular rate of pay when Plaintiffs worked over forty hours in a given workweek.

33.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as exempt, and accordingly failed to pay these individuals overtime at the required rate under the Fair Labor Standards Act.

34.

Defendant Douglas C. Bentley is the CEO of Marietta Drapery.

35.

Defendant Frederick A. Bentley is the CFO of Marietta Drapery.

36.

Defendants Douglas C. Bentley and Frederick A. Bentley had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

37.

Defendants Douglas C. Bentley and Frederick A. Bentley acted both directly and indirectly in the interest of Marietta Drapery and were both in supervisory positions over Plaintiffs.

38.

Marietta Drapery is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

39.

Defendants Douglas C. Bentley and Frederick A. Bentley are "employers" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

40.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

41.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201,

et. seq., apply to Defendants and protect Plaintiffs.

## **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

42.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

43.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

44.

Because Defendants have failed to "post and keep posted a notice explaining the [FLSA] ... in [a] conspicuous place[]," as required by 29 CFR § 516.4, the FLSA's statute of limitations for overtime claims should be tolled throughout the entire period of the FLSA Collective's employment by Defendants.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiffs and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiffs' rights and the rights of the FLSA Collective have been violated; and

(D) Award Plaintiffs and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 10th day of April, 2015.

THE SHARMAN LAW FIRM LLC

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiffs