UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOYD CARNES, ) | |
| KEITH JEFFERSON, ) | |
| JESSE MCDONALD AND ) | |
| BRETT SMITH, ) | |
| INDIVIDUALLY AND ON ) | |
| BEHALF OF OTHERS ) | |
| SIMILIARLY SITUATED, ) | |
| ) | CIVIL ACTION NO.: |
| Plaintiffs, ) | |
| ) | 1:15-CV-01113-MHC |
| v. ) | |
| ) | |
| MARIETTA DRAPERY & ) | |
| WINDOW COVERINGS CO., ) | |
| INC., DOUGLAS C. BENTLEY ) | |
| AND FREDERICK A. BENTLEY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Loyd Carnes, Keith Jefferson, Jesse McDonald, and Brett Smith (collectively, "Plaintiffs"), and Defendants Marietta Drapery & Window Coverings Co., Inc., Douglas C. Bentley, and Frederick A. Bentley (collectively, "Defendants") (Plaintiffs and Defendants may be collectively referred to herein as the "Parties"), by and through their undersigned counsel, hereby file this Joint

1

Motion for Approval of Settlement Agreement and Release pertaining to the above-captioned case.  In support thereof, counsel for the Parties state as follows.

The Parties hereby request approval of the Parties' Settlement Agreement and Release that is attached hereto as **Exhibit A**.  The Parties' settlement was reached during mediation of this matter before the Honorable Janet F. King, United States Magistrate Judge, on Tuesday, November 3, 2015.  Because Plaintiffs' claims arise under the FLSA, the Parties seek the Court's approval of the Settlement Agreement and Release.

## Citation of Legal Authorities

Pursuant to the case law regarding settlement of FLSA claims, there are three ways in which claims under the FLSA can be settled and released by an employee.  First, the FLSA allows an employee to settle and waive his claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  See 29 U.S.C. § 216(c).  Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court approves the fairness of the settlement.  Schulte, Inc. v. Gandi, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946); Lynn's Food Stores, Inc. v. U.S., 679 F.2d

1350, 1353 (11th Cir. 1982); Taylor v. Progress Energy, Inc., 493 F.3d 454 (4th Cir. 2007).  Third, the parties to an FLSA claim may settle the claim without judicial approval if the plaintiff will receive all of the relief to which he would be entitled if his claims were proven.  Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  There is a presumption in favor of approving a settlement as fair, but court review is appropriate to ensure fairness to the parties.  In re Dollar General Stores FLSA Litig., 2011 WL 3904609, *2 (E.D.N.C. Aug. 23, 2011).

The Parties agree that the instant action involves disputed issues.  The Parties further agree that the settlement negotiated and reached by the Parties during mediation is a fair and just settlement of Plaintiffs' claims given the facts and legal authority applicable to this case.

### A. Plaintiffs

Plaintiffs argue that that they were misclassified as exempt, were paid a weekly salary and were not paid for any overtime hours they worked.  To avoid the possible expense and uncertainty of litigation, Plaintiffs agree to the settlement payment negotiated during the mediation.

### B. **Defendants**

Defendants dispute Plaintiffs' allegations and deny they owe wages for unpaid overtime hours as defined by the FLSA but, following mediation, Defendants have agreed to pay Plaintiffs a settlement to avoid the uncertainty and expense of further litigation of this matter.

### Conclusion

THEREFORE, because the Parties have settled all claims via an arms-length mediation before a neutral third-party, the Parties respectfully request that the Court enter an Order (attached hereto as **Exhibit B**) approving the Settlement Agreement and Release.

Respectfully submitted this 24th day of November, 2015.

| /s/ *Paul J. Sharman* | /s/ *Steven G. Hopkins* |
|---|---|
| Paul J. Sharman | Steven G. Hopkins |
| Georgia Bar No. 227207 | Georgia Bar No. 142427 |
| paul@sharman-law.com | shopkins@constangy.com |
| THE SHARMAN LAW FIRM LLC | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| 11175 Cicero Drive – Suite 100 | 230 Peachtree Street, NW, Suite 2400 |
| Alpharetta, GA 30022 | Atlanta, GA 30303 |
| Tel: (678) 242-5297 | Tel: (404) 525-8622 |
| Fax: (678) 802-2129 | Fax: (404) 525-6955 |
| | |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2015, I electronically filed the foregoing ***JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

                                                      s/*Paul J. Sharman*
                                                      Paul J. Sharman
                                                      Georgia Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022
(678) 242-5297
paul@sharman-law.com
Attorney for Plaintiff