## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as "Agreement"), is entered into by and between Plaintiffs Loyd Carnes, Keith Jefferson, Jesse McDonald, and Brett Smith, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiffs") and Marietta Drapery & Window Coverings Co., Inc., Douglas C. Bentley, and Frederick A. Bentley, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Plaintiffs and The Released Parties shall collectively be referred to as "Party" or "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Plaintiffs.

WHEREAS, Plaintiffs were employed by The Released Parties; and

WHEREAS, Plaintiffs have alleged unlawful employment practices in violation of federal law, specifically the Fair Labor Standards Act ("FLSA"), against The Released Parties, allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  The Released Parties agree to pay the total amount of Ninety Thousand Dollars ($90,000.00 ), inclusive of attorneys' fees and costs, allocated as follows:

1

A.  A check in the gross amount of $ 11,750.00, less withholdings as required by law, made payable to LOYD CARNES representing alleged unpaid overtime to be issued and delivered within fifteen (15) business days following court approval of this settlement;

B.  A check in the amount of $ 11,750.00 made payable to LOYD CARNES representing alleged liquidated damages to be issued and delivered within fifteen (15) business days following court approval of this settlement;

C.  A check in the gross amount of $ 9,250.00, less withholdings as required by law, made payable to KEITH JEFFERSON representing alleged unpaid overtime to be issued and delivered within fifteen (15) business days following court approval of this settlement;

D.  A check in the amount of $ 9,250.00 made payable to KEITH JEFFERSON representing alleged liquidated damages to be issued and delivered within fifteen (15) business days following court approval of this settlement;

E.  A check in the amount of $ 1,500.00 made payable to KEITH JEFFERSON representing additional consideration for his withdrawal of his pending Charge of Discrimination with the Equal Employment Opportunity Commission, and his general release of all claims (in addition to his FLSA claims), as discussed further herein, to be issued and delivered within fifteen (15) business days following court approval of this settlement;

  F. A check in the gross amount of $ 1,500.00, less withholdings as required by law, made payable to JESSE MCDONALD representing alleged unpaid overtime to be issued and delivered within fifteen (15) business days following court approval of this settlement;

  G. A check in the amount of $ 1,500.00 made payable to JESSE MCDONALD representing alleged liquidated damages to be issued and delivered within fifteen (15) business days following court approval of this settlement;

  H. A check in the gross amount of $ 16,750.00, less withholdings as required by law, made payable to BRETT SMITH representing alleged unpaid overtime to be issued and delivered within fifteen (15) business days following court approval of this settlement;

  I. A check in the amount of $ 16,750.00 made payable to BRETT SMITH representing alleged liquidated damages to be issued and delivered within fifteen (15) business days following court approval of this settlement; and,

  J. A check in the amount of $10,000.00 made payable to THE SHARMAN LAW FIRM LLC representing attorneys' fees to be issued and delivered within fifteen (15) business days following court approval of this settlement.

The settlement payments described above will be due in Plaintiffs' counsel's office (c/o Paul J. Sharman, The Sharman Law Firm, LLC, 11175 Cicero Drive, Suite 100, Alpharetta, GA 30022) within fifteen (15) business days following court approval of this settlement.

2.Each Plaintiff agrees that this is a disputed claim and represents that upon receipt of all of the above mentioned funds, he will have been paid in full for all hours worked while employed with Released Parties, including any overtime hours worked while in any non-exempt job position, and will have released all claims under the Fair Labor Standards Act.

3.In consideration of the payment of $ 1,500.00 described in Paragraph 1 E. above, and contemporaneous with its receipt, Plaintiff Jefferson further agrees that he will send a written letter to the EEOC requesting withdrawal of his pending EEOC Charge of Discrimination numbered 410-2014-05742, stating that he has "reached an acceptable resolution of his claims with Respondent Marietta Drapery & Window Coverings Co., Inc." Plaintiff Jefferson agrees to send a copy of this letter to counsel for The Released Parties, Steven G. Hopkins, Constangy, Brooks, Smith & Prophete, LLP, 230 Peachtree Street, NW, Suite 2400, Atlanta, Georgia 30303. To the extent the EEOC does not accept Plaintiff Jefferson's request to withdraw his pending Charge of Discrimination, Plaintiff Jefferson also expressly waives any right to damages or other legal or equitable relief awarded by any governmental agency or court relating to any lawsuit, complaint, charge, or other proceeding (regardless by whom filed), that is pending or that is filed in the future based on events occurring prior to the effective date of this Agreement. In this regard, Plaintiff Jefferson hereby provides the Released Parties with a general release from any and all claims (including any claims of indemnification, contribution, loss of consortium, and any other claims which might be asserted by or through a third party), demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all employment, disability, property damage, loss or damages of any kind already sustained or that they may hereafter sustain which may be attributable or chargeable to the Released Parties, to the extent provided for by law.

4. All Parties agree that, contemporaneous with the execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this action is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. After the Court approves the settlement of this action, the Released Parties will transmit the payments required to Plaintiffs' counsel within fifteen (15) business days following the filing or entry of the order (either formal written order or docket entry, *i.e.*, "minute entry") approving the settlement. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect. However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

5. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. Plaintiffs agree not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Plaintiffs further agree that the Released Parties shall not be under any obligation to employ or contract with them and that, should any application be made by them, the Released Parties shall not have any obligation to process that application or to hire them and that the failure to process the application or to hire them shall not constitute a violation of any local, state or federal law. If

any prospective employer contacts The Released Parties regarding Plaintiffs, The Released Parties will give a neutral reference indicating only dates of employment, pay rate and position.

7. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

8. Each Party shall be responsible for payment of their own attorneys' fees and costs, except as otherwise provided in Paragraph 1.

9. Plaintiffs represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims released pursuant to this Agreement.

10. If any provision of this Agreement or the application thereof to any Party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other Party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement, counterparts, or signature pages shall have the same force and effect as an original copy.

12. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

13. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

15. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

17. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

18. Plaintiffs acknowledge and agree that they have been advised to consult an attorney prior to signing this agreement. Plaintiffs understand that whether or not they consult with an attorney is their own decision. In this respect, Plaintiffs acknowledge and agree that they each have consulted with and been advised by Paul J. Sharman, Esquire, in this matter.

19. This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____     _____
                                 **LOYD CARNES**

Date:_____     _____
                                 **KEITH JEFFERSON**

Date:_____     _____
                                 **JESSE MCDONALD**

Date:_____     _____
                                 **BRETT SMITH**

                                 **MARIETTA DRAPERY & WINDOW
                                 COVERINGS CO., INC.**

Date: 11-9-2015                  Signature: F. Andrew Bentley

                                 Print Name: F. Andrew Bentley
                                 **Representative of Marietta Drapery & Window
                                 Coverings Co., Inc.**

Date: 11-9-2015                  _Frederick A. Bentley_
                                 **FREDERICK A. BENTLEY**

Date: 11-9-2015                  _Douglas C. Bentley_
                                 **DOUGLAS C. BENTLEY**

8


19. This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 11-15-15                          */s/ Loyd Carnes*
                                        LOYD CARNES

Date:_____                _____
                                        KEITH JEFFERSON

Date:_____                _____
                                        JESSE MCDONALD

Date:_____                _____
                                        BRETT SMITH

                                        MARIETTA DRAPERY & WINDOW
                                        COVERINGS CO., INC.

Date:_____                _____
                                        Signature:

                                        Print Name:_____
                                        Representative of Marietta Drapery & Window
                                        Coverings Co., Inc.

Date:_____                _____
                                        FREDERICK A. BENTLEY

Date:_____                _____
                                        DOUGLAS C. BENTLEY

8

19. This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____     _____
                                 **LOYD CARNES**

Date:___11/10/2015___             _____
                                 **KEITH JEFFERSON**

Date:_____     _____
                                 **JESSE MCDONALD**

Date:_____     _____
                                 **BRETT SMITH**

                                 **MARIETTA DRAPERY & WINDOW
                                 COVERINGS CO., INC.**

Date:_____     _____
                                 Signature:

                                 Print Name: _____
                                 Representative of Marietta Drapery & Window
                                 Coverings Co., Inc.

Date:_____     _____
                                 **FREDERICK A. BENTLEY**

Date:_____     _____
                                 **DOUGLAS C. BENTLEY**

8

19. This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____           _____
                                      **LOYD CARNES**

Date:_____           _____
                                      **KEITH JEFFERSON**

Date: 11-9-2015                        */s/ Jesse McDonald*
                                      **JESSE MCDONALD**

Date:_____           _____
                                      **BRETT SMITH**


                                      **MARIETTA DRAPERY & WINDOW
                                      COVERINGS CO., INC.**

Date:_____           _____
                                      Signature:

                                      Print Name: _____
                                      **Representative of Marietta Drapery & Window
                                      Coverings Co., Inc.**

Date:_____           _____
                                      **FREDERICK A. BENTLEY**

Date:_____           _____
                                      **DOUGLAS C. BENTLEY**

8

19. This Agreement, consisting of eight (8) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____

_____
**LOYD CARNES**

Date:_____

_____
**KEITH JEFFERSON**

Date:_____

_____
**JESSE MCDONALD**

Date: *11-20-15*

*/s/ Brett Smith/*
**BRETT SMITH**

**MARIETTA DRAPERY & WINDOW COVERINGS CO., INC.**

Date:_____

_____
**Signature:**

**Print Name:** _____
**Representative of Marietta Drapery & Window Coverings Co., Inc.**

Date:_____

_____
**FREDERICK A. BENTLEY**

Date:_____

_____
**DOUGLAS C. BENTLEY**